

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 18, 2014

By ECF
Hon. Jesse Furman
United States District Judge
United States Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Eric Bogle*, 12 Cr. 930 (JMF)

Dear Judge Furman:

      By letter dated February 12, 2014, the defendant, Eric Bogle, has moved the Court to amend its judgment in this matter so as to "indicate that Mr. Bogle should receive credit for the time he spent in custody in Canada prior to his extradition to the United States." The motion should be denied.

      The Attorney General, acting through the Bureau of Prisons ("BOP"), is responsible for calculating sentencing credits for a prisoner's presentence custody – not the sentencing court. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). By operation of statute, BOP is required to give credit for any time the defendant has spent in official detention prior to the commencement of his sentence as a result of the offense for which the sentence was imposed. 18 U.S.C. § 3585(b). No indication on the judgment or recommendation from the Court is needed to cause BOP to do so.

      The Government has consulted with BOP concerning this matter and has been informed that the documentation available to BOP did not support granting the defendant prior custody credit for the time period at issue (January 18, 2013 through April 3, 2013). If the defendant were to make available to BOP additional information to verify that he was in continuous custody during this time period, then BOP can conduct further review and, if appropriate, change its sentence computation. However, in order to pursue such relief, the defendant must avail himself of the administrative process set forth in 28 C.F.R. §§ 542.10-16 – which, according to BOP, he has not yet done. Specifically, the defendant must file an Administrative Remedy Request with his prison and appeal any adverse decision to the appropriate Regional Director and then to the Bureau of Prisons' General Counsel in Washington, D.C. *See* 28 C.F.R. §§ 542.14(a), 542.15(a). Only after exhausting these administrative remedies may the defendant

seek judicial review with respect to his claim – through a *habeas* proceeding, rather than a motion to amend the judgment. *See e.g.*, *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir.1998); *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir.1998). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make judicial review more efficient, and resolv[es] issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003).

      In short, the defendant has not exhausted his administrative remedies with respect to his claim, and even if he had, a motion to amend the judgment would not be the appropriate vehicle for judicial review of his claim. Accordingly, the defendant's motion should be denied.

                                                Respectfully,

                                                PREET BHARARA
                                                United States Attorney

                                    By: */s/ Serrin Turner*
                                                Serrin Turner
                                                Assistant United States Attorney
                                                Southern District of New York
                                                (212) 637-1946