```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
           -v-                                                          :     12 Cr. 930 (JMF)
                                                                        :
ERIC BOGLE,                                                             :     ORDER
                                                                        :
                      Defendant.                                        :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/25/2014

JESSE M. FURMAN, United States District Judge:

      On November 21, 2013, the Court sentenced Defendant Eric Bogle to eighteen months imprisonment.  At the time of sentencing, the Court made clear that that sentence was premised on an understanding that Defendant would receive credit for time he spent in custody in Canada pending extradition in connection with the charges in this case.  Specifically, the following colloquy took place between the Court and counsel:

> THE COURT: Let me ask one question of you, [AUSA] Turner. It is my understanding, and I want to make this understanding clear, that in imposing a sentence of 18 months, that includes any time that Mr. Bogle served in Canada pending his extradition. Do you have any reason to think it wouldn't?
>
> MR. TURNER: I have no reason to think it wouldn't, your Honor.
>
> THE COURT: Mr. Sosinsky?
>
> MR. SOSINSKY: So your Honor will endorse the judgment to so indicate so the Bureau of Prisons, in doing their calculations, one would hope, would follow that direction, meaning that he would get credit for the three plus months that he was —
>
> THE COURT: Yes. I mean, my understanding is that because he was detained in connection with the charge to which he pleaded guilty and is now being sentenced that that would count toward his sentence, and my 18-month sentence is premised on that understanding, which is to say that I will make clear that that is my understanding, and if for some reason that turns out not to be the case, then you can seek the appropriate relief. But the 18 months, in my view the time he spent in Canada pending extradition should be credited toward that.

(11/21/13 Tr. 25).  Despite this colloquy, the Court neglected to endorse the judgment to indicate that the sentence was predicated on an understanding that Defendant would receive such credit.

On February 17, 2014, Defendant filed a letter motion advising the Court that the Bureau of Prisons has not awarded him credit for the time spent in custody pending extradition and requesting that the Court "amend the judgment . . . , consistent with its statement at sentencing," to "indicate that Mr. Bogle should receive [such] credit."  (Docket No. 24).  By letter dated February 18, 2014, the Government opposed the motion, arguing that the Bureau of Prisons is responsible for calculating Defendant's sentencing credits, not the Court, and that Defendant must exhaust his administrative remedies within the Bureau of Prisons before pursuing judicial review in the form of a habeas petition.  (Docket No. 25).

The Government may well be right that calculation of sentencing credits is ultimately the prerogative of the Bureau of Prisons (subject to habeas review).  But at the time of sentencing it was the understanding of the Court — and the Government — that Defendant would receive credit for the time he spent in custody pending extradition, and the Court stated orally that it would indicate that understanding on the judgment.  It is well established that, in the event of a variation between an oral pronouncement of sentence and a subsequent written judgment, it is the oral pronouncement that controls.  *See, e.g.*, *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004).  Moreover, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the Court "may at any time correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission."  That Rule squarely applies here, as the Court's failure to do what it said it would do at sentencing — namely, to indicate on the judgment that the eighteen-month sentence was predicated on an understanding that Defendant would receive credit for all time spent pending extradition on these charges — was a result of "oversight or omission."

Accordingly, Defendant's motion is GRANTED.  The Court will enter an amended judgment consistent with this Order.  The Clerk of Court is directed to terminate Docket No. 24.

SO ORDERED.

Dated: February 25, 2014
      New York, New York

JESSE M. FURMAN
United States District Judge